Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY  10019
Telephone:  (212) 440-4400
Fax:  (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for McCormick 103, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    GREG BEECHE, LOGISTICS, LLC,

                  Debtor.

Chapter 11

Case No. 25-11257-1-pgr

**AFFIRMATION IN SUPPORT OF *EX PARTE* ORDER DISMISSING BANKRUPTCY CASE**

**CHRISTOPHER P. SCHUELLER**, an attorney admitted to practice in the courts of New York State, affirms the following to be true under the penalties of perjury:

1. I am an attorney admitted to practice law in the State of New York. I am a shareholder in Buchanan Ingersoll & Rooney PC, attorneys for the Secured Creditor McCormick 103, LLC ("**Secured Creditor**").

2. I respectfully submit this affirmation in support of the *Ex Parte* Order Dismissing Bankruptcy Case ("***Ex Parte* Order**")

3. On October 31, 2025, the Court issued an Interim Order Regarding McCormick's Motion to Dismiss at ECF 22 ("**Interim Order**").  Under the Interim Order, the Court ordered the following:

**ORDERED,** that the Debtor shall provide proof of appropriate insurance, as required under 11 U.S.C. § 1112(b)(4)(C), with McCormick listed as loss payee and additional insured, to counsel for McCormick and counsel for the Receiver within seven (7) days of the date of this Order; and it is further

**ORDERED,** that if the Debtor fails to provide proof of insurance within seven (7) days of the date of this Order, counsel for McCormick may submit an *ex parte* Order Dismissing this Case . . .

4. Debtor failed to comply with the Interim Order. The Debtor has not provided proof of any insurance in the name of the Debtor. Accordingly, the Secured Creditor respectfully requests that the *Ex Parte* Order be entered.

5. On November 6, 2025, Debtor's counsel sent an email to counsel for the Secured Creditor. A copy of that e-mail with its enclosure is attached as **Exhibit A**. A copy of the response of Secured Creditor's counsel is attached as **Exhibit B**.

6. After the entry of the Interim order, Debtor only obtained two months of insurance coverage on real estate owned by non-debtor Greg Beeche ("**Beeche**"). [Ex. A] The only loss payee on the policy is Beeche personally; neither the Debtor nor the Secured Creditor are listed as loss payees. [*Id.*] Regardless, the policy does not comply with the Interim Order because the policy **does not insure any assets of the Debtor**.

7. In a stunning admission, the Debtor further provided an e-mail from an insurance broker stating that Debtor had not sought insurance for the Debtor's assets until the morning of November 6, 2025 which is the Court ordered deadline for the insurance. [*Id.*] The broker wrote: "We are working on a separate quote for the inventory at that address using a second named insured, Greg Beeche Logistics LLC. We were just informed of the inventory insurance requirement this morning so its [*sic*] possible we will not have underwriting approval to bind that coverage today or tomorrow, but we are working on it and I am optimistic a separate insuring agreement opportunity for inventory will be available in the following days if not before." [*Id.*]

8. The Debtor's failure to obtain insurance as ordered by the Court is further evidence that this Debtor is in total disarray and has no ability to reorganize.

9. Regardless, the Court does not have to grapple with the bad faith filling issues because the Debtor failed to obtain insurance as directed by the Court. Accordingly, the Secured Creditor respectfully requests that the Court enter the *Ex Parte* Order so that the Secured Creditor can proceed with liquidating its collateral.

Dated: November 7, 2025

/s/ Christopher P. Schueller
CHRISTOPHER P. SCHUELLER