Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY  10019
Telephone:  (212) 440-4400
Fax:  (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for McCormick 103, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GREG BEECHE, LOGISTICS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11257-1-pgr |

**SUPPLEMENTAL AFFIRMATION IN SUPPORT OF *EX PARTE* ORDER DISMISSING BANKRUPTCY CASE**

**CHRISTOPHER P. SCHUELLER**, an attorney admitted to practice in the courts of New York State, affirms the following to be true under the penalties of perjury:

1. I am an attorney admitted to practice law in the State of New York. I am a shareholder in Buchanan Ingersoll & Rooney PC, attorneys for the Secured Creditor McCormick 103, LLC ("**Secured Creditor**").

2. I respectfully submit this affirmation in support of the *Ex Parte* Order Dismissing Bankruptcy Case ("***Ex Parte* Order**")

3. On October 31, 2025, the Court issued an Interim Order Regarding McCormick's Motion to Dismiss at ECF 22 ("**Interim Order**").  Under the Interim Order, the Court ordered the following:

**ORDERED,** that the Debtor shall provide proof of appropriate insurance, as required under 11 U.S.C. § 1112(b)(4)(C), with McCormick listed as loss payee and additional insured, to counsel for McCormick and counsel for the Receiver within seven (7) days of the date of this Order; and it is further

**ORDERED,** that if the Debtor fails to provide proof of insurance within seven (7) days of the date of this Order, counsel for McCormick may submit an *ex parte* Order Dismissing this Case . . .

[ECF 22]

4. The Court further ordered:

**ORDERED**, that if the Debtor provides proof of insurance, but McCormick believes, in good faith, that the insurance is not appropriate under the circumstances, counsel shall file and serve a notice of non-compliance and request for an expedited hearing, which hearing shall then be scheduled by this Court

[ECF 22]

5. On November 7, 2025, the Secured Creditor filed an *ex parte* order based on the failure of the Debtor Greg Beeche, Logistics LLC ("**Debtor**") to obtain any insurance in the name of the Debtor. [ECF 27]

6. There are new facts to bring to the Court's attention.

7. After the Secured Creditor initiated the filing of the *ex parte* order, the Debtor sent the Secured Creditor a new insurance binder ("**New Binder**"). A copy of the New Binder is attached as **Exhibit A**.

8. In the New Binder, the named insured is still Gregory Beeche ("**Beeche**") individually. The New Binder contains a reference to insurance in the amount of $4 million for "BPP." The reference to "BPP" may mean "business personal property." If so, it does not appear that the personal property of the Debtor is being insured because the named insured remains Beeche individually. Given this, the Secured Credtior still respectfully requests that the *ex parte* order of dismissal be entered.

9. In the alternative, the Secured Creditor believes in good faith that the New Binder is not adequate and a hearing on the adequacy of the insurance should take place.

10. The insurance is not adequate because:

- The named insured is Beeche individually and therefore only the property owned by Beeche is insured.   No property of the Debtor is insured.

- The insured amount of $4 million is too low.  The receiver has already obtained a buyer willing to pay $5 million for the business assets of the Debtor.  At a minimum, the insurance on the personal property of the Debtor should be in the amount of $5 million.  Debtor should have no objection to this because Debtor has already informed the Court that, in Debtor's view, the value of its assets exceeds $15 million.

- Debtor needs to produce a copy of the policy itself and not just a binder so that the adequacy of the insurance can be further evaluated.

11. Based on the foregoing, the Secured Creditor respectfully requests that the topic of insurance be addressed at the conference before the Court on Monday November 10, 2025.

Dated: November 9, 2025

        /s/ Christopher P. Schueller
        CHRISTOPHER P. SCHUELLER