FILED

NOV 1 3 2025

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

Nathanial M Smith
48 Pine St.
Scotia NY 12302
Nathanial.Smith@gmail.com
518-339-1677

Hon. Patrick G. Radel
United States Bankruptcy Court
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

Re:  Greg Beeche Logistics, LLC. Bankruptcy
Case Number 1:25-bk-11257

Dear Patrick G. Radel,

My name is Nathan Smith and I am writing you this letter pro se. I am a former employee of Greg Beeche Logistics and a concerned party when it comes to the ruling in this case. I have been an employee of Greg Beeche Logistics for over 8 years and I am currently owed 16 weeks in back pay which comes to a total of $32,000 pre tax. I worked multiple weeks without receiving a paycheck in hopes of helping the company recover and was promised by Greg Beeche I would be made whole.

I also continued to work for the company after it entered receivership because the receiver Dotan Melech had a fiduciary duty to explore methods to pay the employees while he was in charge, which he failed to do.

Greg Beeche and the Receivership have committed wage theft which is considered larceny in the State of New York

> Penal (PEN) CHAPTER 40, PART 3, TITLE J, ARTICLE 155
> § 155.05 Larceny; defined.
>
> 1. A person steals property and commits larceny when, with intent to
> deprive another of property or to appropriate the same to himself or to
> a third person, he wrongfully takes, obtains or withholds such property
> from an owner thereof.
>
> 2. Larceny includes a wrongful taking, obtaining or withholding ofanother's property,
> with the intent prescribed in subdivision one of
> this section, committed in any of the following ways:

>  (f) By wage theft.
>
>  A person obtains property by wage theft when such person hires a person to perform services and the person performs such services and the person does not pay wages, at the minimum wage rate and overtime, or promised wage, if greater than the minimum wage rate and overtime, to said person for work performed. In a prosecution for wage theft, for the purposes of venue, it is permissible to aggregate all nonpayments or underpayments to one person from one person, into one larceny count, even if the nonpayments or underpayments occurred in multiple counties. It is also permissible to aggregate nonpayments or underpayments from a workforce into one larceny count even if such nonpayments or underpayments occurred in multiple counties

Since the value owed to me is greater than $3,000 but less than $50,000 I would argue they are also committing Grand Larceny in the third degree.

> Penal (PEN) CHAPTER 40, PART 3, TITLE J, ARTICLE 155
> § 155.35 Grand larceny in the third degree.
>
> A person is guilty of grand larceny in the third degree when such person steals property and:
>
> 1. when the value of the property exceeds three thousand dollars, or

On top of the owed wages there are also additional penalties that can be levied. I am currently not interested in pursuing damages or criminal charges. I am just looking to receive what I am fairly owed in a reasonable amount of time.

Since these debts are of a criminal matter and not protected under the automatic stay. I am requesting that the court order Greg Beeche and the Receivership Dotan Melech completely pay off money owed to me and other employees prior to any bankruptcy being allowed. This would allow both Greg Beeche and the receivership to avoid any additional penalties or criminal charges, further complicating the situation.

The money to this can easily be obtained by scraping a minor amount of copper\aluminum\steel which the company has millions of dollars worth. It would have little to no effect on the overall valuation of Greg Beeche Logistics LLC and go a long way to fixing the company's troubles.

Best Regards,
Nathan Smith