Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY  10019
Telephone:  (212) 440-4400
Fax:  (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for McCormick 103, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    GREG BEECHE, LOGISTICS, LLC,<br><br>                      Debtor. | Chapter 11<br><br>Case No. 25-11257-1-pgr |

**SUPPLEMENTAL AFFIRMATION IN SUPPORT OF *EX PARTE* ORDER DISMISSING BANKRUPTCY CASE**

**CHRISTOPHER P. SCHUELLER**, an attorney admitted to practice in the courts of New York State, affirms the following to be true under the penalties of perjury:

1.    I am an attorney admitted to practice law in the State of New York. I am a shareholder in Buchanan Ingersoll & Rooney PC, attorneys for the Secured Creditor McCormick 103, LLC ("**Secured Creditor**").

2.    I respectfully submit this affirmation in support of the *Ex Parte* Order Dismissing Bankruptcy Case ("***Ex Parte* Order**")

3.    On October 31, 2025, the Court issued an Interim Order Regarding McCormick's Motion to Dismiss at ECF 22 ("**Interim Order**").  Under the Interim Order, the Court ordered the following:

>**ORDERED,** that the Debtor shall provide proof of appropriate insurance, as required under 11 U.S.C. § 1112(b)(4)(C), with McCormick listed as loss payee and additional insured, to counsel for McCormick and counsel for the Receiver within seven (7) days of the date of this Order; and it is further
>
>**ORDERED,** that if the Debtor fails to provide proof of insurance within seven (7) days of the date of this Order, counsel for McCormick may submit an *ex parte* Order Dismissing this Case . . .

[ECF 22]

4.    The Court further ordered:

>**ORDERED**, that if the Debtor provides proof of insurance, but McCormick believes, in good faith, that the insurance is not appropriate under the circumstances, counsel shall file and serve a notice of non-compliance and request for an expedited hearing, which hearing shall then be scheduled by this Court

[ECF 22]

5.    The Court held hearings, including an evidentiary hearing, regarding the Dismissal Motion on October 31, 2025, November 10, 2025, November 18, 2025, November 20, 2025, November 25, 2025, and December 11, 2025. Peter A. Orville, Esq., appeared for the Debtor, Christopher Schueller, Esq., appeared for McCormick and Harrison Strauss, Esq. appeared for the United States Trustee.

6.    The Debtor was directed to provide proof of adequate insurance at each of the aforementioned hearings.

7.    On November 7, 2025, the Secured Creditor filed an *ex parte* order seeking dismissal with prejudice based on the failure of the Debtor Greg Beeche, Logistics LLC ("**Debtor**") to obtain any insurance in the name of the Debtor. [ECF 27]

8.    On December 11, 2025, the Court entered an order (the "**Second Interim Order**") [ECF 45] which provided, among other things:

a. the Debtor is required to provide proof of appropriate insurance, as required under 11 U.S.C. § 1112(b)(4)(C), with McCormick listed as loss payee and additional insured, to counsel for McCormick and counsel for the United States Trustee by December 16, 2025, at 4:00 p.m. (the "**Deadline**");

b. the insurance must, at minimum, be held in the name of Greg Beeche Logistics, LLC, and cover all of the assets of this Debtor's estate;

c. if the Debtor fails to provide proof of insurance by the Deadline, counsel for McCormick may submit an ex parte Order Dismissing this Case;

d. if the Debtor provides proof of insurance, but McCormick or the United States Trustee believes that the insurance is not appropriate under the circumstances, counsel may submit an ex parte Order Dismissing this Case; and

e. if Debtor believes that the insurance provided is appropriate, Debtor must file, by December 18, 2025, at 4:00 p.m., a copy of the entire insurance policy on the docket along with proof of payment of the policy, and a letter explaining why Debtor believes that the insurance is adequate.

9. The Debtor did not provide proof of appropriate insurance, as required under 11 U.S.C. § 1112(b)(4)(C), with McCormick listed as loss payee and additional insured, to counsel for McCormick by the Deadline.

10. Based on the foregoing, the Secured Creditor respectfully requests that the accompanying ex parte order be entered dismissing this case with prejudice.

Dated: December 17, 2025

/s/ Christopher P. Schueller
CHRISTOPHER P. SCHUELLER