Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY  10019
Telephone:  (212) 440-4400
Fax:  (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for Secured Creditor McCormick 103, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

GREG BEECHE, LOGISTICS, LLC,

Debtor.

Chapter 11

Case No. 25-11257-1-pgr

**SUPPLEMENTAL STATEMENT OF SENIOR SECURED CREDITOR MCCORMICK 103, LLC IN SUPPORT OF DISMISSAL BASED ON INADEQUATE INSURANCE**

Senior Secured Creditor McCormick 103, LLC (*"***Secured Creditor***"*), by and through its attorneys, Buchanan Ingersoll & Rooney PC, as directed by the Court [ECF 49], files this Supplemental Statement in Support of Dismissal Based on Inadequate Insurance, and respectfully states as follows:

1. The failure to maintain liability insurance is cause for dismissal under 11 U.S.C. §1112(b)(4)(C).  *In re UFP Holding I, LLC*, No. Chapter 11, 2025 BL 425128, 2025 Bankr Lexis 3088 (Bankr. S.D.N.Y. Nov. 25, 2025); *Gilroy v. Ameriquest Mortgage Co., et al.*, 2008 Bankr. LEXIS 3968, 2008 WL 4531982 (1st Cir. BAP 2008) (failure to maintain property and liability insurance constitutes cause for dismissal); *In re Pure Repair and Trucking LLC*, 658 B.R. 895 (Bankr. S.D. Ohio 2004) (finding that cause existed based solely on debtor's failure to maintain appropriate liability insurance); *In re Van Eck*, 425 B.R. 54, 60-61 (Bankr. D. Conn 2010) (finding

that cause existed, in part because debtor failed to show that there was insurance on residential property he owned); *Derivium Capital LLC v. U.S. Trustee*, No. 5 Civ. 10845, 2006 U.S. Dist. LEXIS 31427, *11, 2006 WL 1317021, *4 (S.D.N.Y. 2006) (affirming bankruptcy court's conversion of chapter 11 case partially because debtor lacked proper insurance coverage).

2. Here, the debtor Greg Beeche, Logistics, LLC ("**Debtor**") has no insurance with liability coverage. This is particularly troubling given that the Debtor is in the business of leasing complicated scaffolding structures to customers throughout the country. These are high liability risk activities. Without liability insurance coverage, the estate and general public are at risk.

3. The fact that the Debtor has ceased operating does not mean that there is no need for liability insurance. Customers are still using the Debtor's custom designed scaffolding on multiple construction sites throughout the country. Moreover, these customers continue to need help from the Debtor to deal with safety issues with respect to the scaffolding.

4. For example, on November 23, 2025 Tony Paradise from Permasteel North America Corp. sent an email to the Debtor with respect to an active project where Debtor's equipment is being used post-petition. A copy of this email is attached as **Exhibit A**. The project is located at 555 10th Avenue in New York City. In his email, Mr. Paradise explains to the Debtor that some of the Debtor's equipment is malfunctioning and needs to be replaced right away. Mr. Paradise wrote:

> As discussed I need a scaffold pendent at 555 10th Ave ASAP. The one we have is on the fritz. This is becoming a safety issue. If the pendent fails the scaffold and the guys on it will be stuck 50 stories in air. I can't stress enough how important this is. Let me know when you can get it for me.

[Ex. A]

5. This example highlights the risk to the Debtor's estate and the general public when the Debtor fails to maintain proper liability insurance while its leased scaffolding is still being used on multiple projects.

6. The Court has given the Debtor 2 months to obtain proper insurance coverage. The Debtor has failed to do so and lacks funds to do so. Dismissal is now proper.

7. On top of this, the Debtor has no liability insurance for fourteen motor vehicles. Although those vehicles are largely inactive at the moment, to the extent the vehicles are moved for maintenance or other reasons, there would be no coverage for any injuries.

8. The Secured Creditor respectfully requests that pursuant to 11 U.S.C. §549(a) the Court dismiss the bankruptcy with prejudice and issue bar against a subsequent bankruptcy filing by the Debtor for two years. *In re Casse*, 198 F.3d 327 (2d Cir. 1999) (pursuant to 11 U.S.C. §549(a), where there has been an abuse of the bankruptcy process, a bankruptcy judge has broad discretion to impose a bar against subsequent bankruptcy filings for more than the 6 months provided in 11 U.S.C. §109).

9. The Debtor has abused the bankruptcy process by:

- In violation of multiple Court orders, failing to procure proper insurance for 2 months.

- Filing a bankruptcy petition with no employees, no source of funding, no sale process, no ability to pay administrative expenses and no ability to make adequate protection payments.

- Filing a bankruptcy petition without a reorganizational intent and solely to block a sale of assets which had been negotiated by the receiver pre-petition.

10. In the alternative, because the Debtor has failed to comply with multiple orders from the Court to provide proof of proper insurance, the Secured Creditor respectfully requests that pursuant to 11 U.S.C. §109(g)(1) the Court dismiss the bankruptcy with prejudice and issue bar against a subsequent bankruptcy filing by the Debtor for 6 months.

| | |
|---|---|
| Dated:  December 22, 2025 | **BUCHANAN INGERSOLL & ROONEY PC**<br><br>By:/s/ Christopher P. Schueller<br>　　Christopher P. Schueller<br>　　N.Y. Bar No. 2582914<br>　　640 5th Avenue, 9th Floor<br>　　New York, NY  10019<br>　　Telephone:  (212) 440-4400<br>　　Fax:  (212) 440-4401<br>　　E-mail: christopher.schueller@bipc.com<br><br>　　*Attorneys for Secured Creditor*<br>　　*McCormick 103, LLC* |